**SUHARTINA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71366.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

Robert G. Ryan, Eugene C. Wong, Law Offices of Eugene C. Wong Inc., San Francisco, CA, for Petitioner.

Frank W. Fraser, Susan K. Houser, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Suhartina, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the agency's finding that the harm Suhartina suffered did not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir.2003). Furthermore, substantial evidence supports the agency's finding that she failed to demonstrate a well-founded fear of future persecution. *See id.* at 1018. Although Suhartina is a member of a disfavored group, and therefore need only demonstrate a "comparatively low level of individualized risk in order to prove she has a well-founded fear of future persecution," *Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004) (internal quotation marks and citation omitted), the incidents she suffered are insufficient to compel the conclusion that she met this burden. *Cf. id.* at 927–29. Finally, the record does not compel the conclusion that Suhartina established a pattern or practice of persecution against ethnic Chinese Buddhists in Indonesia.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

See *Lolong v. Gonzales,* 484 F.3d 1173, 1178–81 (9th Cir.2007) (en banc). Accordingly, Suhartina failed to establish eligibility for asylum.

Because Suhartina failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Suhartina's CAT claim fails because she has not demonstrated that it is more likely than not that she will be tortured if she returns to Indonesia. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.